UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD S. KEMBERLING, | ) | No. CV 05-2409-VBK |
| | ) | |
| Plaintiff, | ) | ORDER AWARDING ATTORNEY FEES |
| | ) | PURSUANT TO 42 U.S.C. §406(b) |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I**

**INTRODUCTION**

On December 12, 2005, United States Magistrate Judge Victor B. Kenton ordered that Plaintiff's application for Social Security benefits be remanded to the Defendant Commissioner for further proceedings. On remand, the Administrative Law Judge ("ALJ") found Plaintiff disabled as of December 4, 2001, and Plaintiff was thereafter awarded past due benefits of $83,012.00. Now pending before the Court is the Petition of Plaintiff's counsel, Manuel D. Serpa, for attorney fees pursuant to 42 U.S.C. §406(b) in the amount of $9,753.00 for his representation of Plaintiff in this matter.

The Commissioner has filed a Response which neither opposes nor supports the Petition, but carefully analyzes applicable factors as established in Gisbrecht v. Barnhart, 535 U.S. 789, 798, n.6, 122 S. Ct. 1817 (2002).

**II**

**DISCUSSION AND ANALYSIS**

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In Gisbrecht, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in

> particular cases. Congress has provided one boundary
> line: Agreements are unenforceable to the extent that
> they provide for fees exceeding 25 percent of the
> past-due benefits... Within the 25 percent
> boundary,...the attorney for the successful claimant
> must show that the fee sought is **reasonable for the
> services rendered**.

122 S.Ct. at 1828 (emphasis added).

Plaintiff's counsel has provided to the Court a contingent fee agreement in which it is provided, in pertinent part, that Plaintiff's attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded in the event the case is won. The fee agreement must be approved by the Court. In determining whether the award of $9,753.00 sought by Plaintiff's counsel is "reasonable for the services rendered" in this case, the Court has considered a number of factors, several of which fall in favor of Plaintiff's counsel.

First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $9,753.00 award sought represents the agreed upon amount. The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $9,753.00 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit. Indeed, as stated, the fees sought amount to 25% of Plaintiff's recovery and comport with

the terms of the contingent fee agreement between Plaintiff and counsel.

Third, the procedural history of this case indicates that there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court. Indeed, Plaintiff's counsel was diligent in pursuing this matter. Thus, the Court has considered, pursuant to the holding of <u>Gisbrecht</u>, both the character of the representation and the results achieved by Plaintiff's counsel, and finds these factors to weigh strongly in favor of Plaintiff's counsel.

Fourth, the Court has considered the number of hours expended by both counsel in this case. Counsel indicates he expended 20.30 hours of attorney time. The Court agrees that these hours are consistent with general practice in cases such as this. Although Plaintiff's counsel has not provided a usual hourly rate for his services, this does not hinder the Court's analysis of the reasonableness of the claimed fees in this case. Considering that counsel reasonably expended 20.30 hours in his court representation of Plaintiff, this would result in an effective hourly rate of $480.00 per hour. This amount is not inconsistent with an effective hourly rate awarded to attorneys in Social Security cases in this District, and is therefore found to be reasonable, in particular, considering also the expertise provided by Plaintiff's counsel in these matters.

**III**

**<u>CONCLUSION</u>**

Based upon the foregoing considerations, the Court finds and

4

concludes that the $9,753.00 in gross fees sought by Plaintiff's counsel is reasonable.  The petition for $9,753.00 in gross attorney fees pursuant to 42 U.S.C. §406(b) is **GRANTED**.  This amount is to be reduced by the $3,000.00 in EAJA fees previously awarded, resulting in a net fee award of $6,753.00.  The Commissioner shall pay such amount to Plaintiff's counsel, or, in the alternative, Plaintiff's counsel shall remit $3,000 to Plaintiff if the commissioner pays him the gross fee of $9,753.00.

**IT IS SO ORDERED.**

DATED: October 8, 2009            /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE